**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2246
_____

BOBBY KENNETH WILLIAMSON,
                           Appellant

v.

BRIAN BOLTON; SHANE GRASSMEYER; KELSEY STRONG;
DANIEL WENDLE; TIMOTHY STRAIT; SCOTT ELLENBERGER;
JOHN RIVELLO; CHARLES PITTSINGER; BEVERLYN BECK
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-01965)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2025
Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 29, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Bobby Williamson appeals pro se from the District Court's order dismissing his amended complaint brought against various correctional officers at SCI Huntingdon. We will affirm the District Court's judgment in part, vacate in part, and remand for further proceedings.

I.

Williamson is an inmate at SCI Huntingdon. His pro se complaint[1] alleges multiple federal and state law claims arising from the same incident—that while he was using the urinal in an inmate-only bathroom, correctional officer Brian Bolton "peered into" the bathroom in an act of voyeurism. ECF No. 36 at 7. The incident was investigated after he reported it under the Prison Rape Elimination Act (PREA) and his complaint was determined to be unfounded. As a result of this determination, he received a Class I misconduct for lying to an employee and was sentenced to the loss of his prison job and 30 days of cell restriction. He also alleges multiple incidents in which a different correctional officer ordered him to do work he was not required to do. His complaint connects these incidents and the Class I misconduct to his decision to file the PREA complaint. Defendants filed a motion to dismiss for failure to state a claim, which the District Court granted while providing leave to amend some of the claims.

---

[1] Because this case was adjudicated at the motion to dismiss stage, we accept the allegations in Williamson's complaint as true and view them in the light most favorable to him. See Mator v. Wesco Distrib., Inc., 102 F.4th 172, 178 (3d Cir. 2024). We also construe Williamson's filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Williamson subsequently filed an amended complaint with an attached supplemental pleading, as well as a motion for leave to file the supplemental pleading under Fed. R. Civ. P. 15(d). The supplemental pleading alleged constitutional violations arising from strip searches he was subjected to after the events in his original pleadings. He later moved for leave to amend the supplemental pleading. The District Court denied the motion for leave to file the supplemental pleading because the alleged cause of action was not factually connected enough to the original complaint. It also denied the motion for leave to amend the supplemental pleading as moot. Finally, it dismissed Williamson's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) without further leave to amend. Williamson timely appeals.

II

We exercise plenary review over the District Court's sua sponte dismissal of Williamson's claims under § 1915(e)(2).[2] See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We may affirm on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). To survive dismissal, a complaint must set out "sufficient factual matter" to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Williamson raises three issues in his opening brief: whether the District Court appropriately dismissed (1) his retaliatory misconduct claim under 42 U.S.C. § 1983, (2)

---

[2] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

his § 1985(3) conspiracy claim, and (3) his state law tort claim of invasion of privacy against Bolton. We address each issue in turn.

To state a claim for retaliation in violation of the First Amendment, a prisoner must plausibly allege (1) that they were engaged in protected conduct; (2) that they suffered an adverse action "sufficient to deter a person of ordinary firmness" from exercising their constitutional rights; and (3) the constitutionally protected conduct was a "substantial or motivating factor" for the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). Williamson alleges that the misconduct charge for lying was filed against him in retaliation for his decision to file a PREA complaint against Bolton. Filing a grievance against a corrections officer is certainly protected conduct, see Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016),[3] and being charged with a Class I misconduct is an adverse action. See id. at 423. The Class I misconduct charge for lying was, by its nature, motivated by Williamson's decision to file the PREA complaint, as he was charged for allegedly lying in the complaint itself. Thus, Williamson adequately stated a claim for retaliation regarding the misconduct charge.

Once a plaintiff adequately pleads a retaliation claim, the burden then shifts to the defendant to show that "they would have made the same decision absent the protected

---

[3] The Appellees argue that Williamson's claim fails on the first element because filing a false PREA complaint is not protected conduct. But Williamson's complaint alleges that his complaint was *not* false, which at this stage we must accept as true, and PREA forbids disciplinary action against an inmate based on a good faith complaint. See 28 C.F.R. § 115.78(f).

conduct for reasons reasonably related to a legitimate penological interest." <u>Watson v. Rozum</u>, 834 F.3d 417, 422 (3d Cir. 2016).[4] In general, this "same decision" defense is fact-specific and should be decided by the fact-finder, <u>see</u> <u>Baldassare v. State of N.J.</u>, 250 F.3d 188, 195 (3d Cir. 2001), and thus, "it makes little sense to apply it at the pleading stage," <u>Thomas v. Eby</u>, 481 F.3d 434, 442 (6th Cir. 2007), unless it is apparent on the face of the complaint. <u>See, e.g.</u>, <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007). This defense is not apparent on the face of Williamson's complaint. The relevant defendants clearly would not have had any reason to charge him for lying to an employee if he had not filed the PREA complaint in the first place. While prison policy arguably makes disciplinary action mandatory when a prisoner files an unfounded PREA complaint,[5] Williamson's pleadings not only contest whether the PREA complaint was unfounded, but also allege that the policy was unevenly applied in practice.[6] We will therefore vacate the District Court's dismissal of Williamson's retaliatory misconduct claim.

---

[4] In dismissing this claim, the District Court relied on the "some evidence" standard as derived from <u>Superintendent, Massachusetts Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 455 (1985). But as we have previously explained, that is not the applicable standard in this context. <u>See</u> <u>Watson</u>, 834 F.3d at 425.

[5] The Pennsylvania DOC PREA Procedures Manual, DC-ADM 008 Section 17(C)(8) states that "[r]eporting inmates *shall* be subject to disciplinary action for sexual abuse or sexual harassment allegations which have been unfounded" (emphasis added).

[6] In his complaint, Williamson details specific instances of Class I misconducts being issued against black inmates whose PREA complaints were deemed unfounded, and one instance of a white inmate whose PREA complaint was also deemed unfounded but who did not receive a Class I misconduct.

The District Court properly dismissed Williamson's § 1985(3) claim. To state such a claim, a plaintiff must plausibly allege the following:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Davis v. Wigen, 82 F.4th 204, 214 (3d Cir. 2023) (quoting United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983)). To adequately plead the first element, Williamson needed to allege "enough factual matter (taken as true) to suggest that an agreement was made." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). His bare assertion that defendants "agreed amongst themselves . . . to act in concert in order to deprive plaintiff of" his rights, ECF No. 36 at 27, is not enough. See id.; Iqbal, 556 U.S. at 680-81. For this reason, we will affirm the District Court's dismissal of Williamson's § 1985(3) claim.

The District Court dismissed Williamson's state law tort claims, including invasion of privacy, on the basis of sovereign immunity. It reasoned that "the defendants were acting within the scope of their employment when they took the allegedly tortious actions." ECF No. 43 at 9. We disagree. It is true that Pennsylvania state employees acting within the scope of their employment enjoy sovereign immunity from intentional tort claims. See 1 Pa. C.S. § 2310.[7] Under Pennsylvania law, employees' actions are not

---

[7] There are exceptions under which the state legislature has waived immunity, none of

6

within the scope of their employment if they are "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Justice v. Lombardo, 208 A.3d 1057, 1067 (Pa. 2019) (quoting Restatement (Second) of Agency § 228(2) (Am. L. Inst. 1958)). Accepting Williamson's allegations as true and viewing the facts in the light most favorable to him, it is difficult to see how an act of voyeurism by a correctional officer could be within the scope of his employment, given that it is certainly not an authorized action. See DC-ADM 008 Section 11 Attachment 11-C (2020) (including voyeurism in the definition of prohibited sexual abuse by a staff member and providing as an example "peering at an inmate who is using a toilet in his or her cell to perform bodily functions"). For this reason, we will also vacate the District Court's dismissal of Williamson's state law tort claim of invasion of privacy.[8]

Accordingly, we will vacate the District Court's dismissal of Williamson's retaliatory misconduct and invasion of privacy claims and remand for further proceedings on those claims. We will otherwise affirm the judgment of the District Court.

---

which apply here. See 42 Pa. C.S.§ 8522.

[8] In his opening brief, Williamson did not discuss the remaining claims in his complaint, so we do not consider them here. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that litigants forfeit claims that they fail to develop in an opening brief).

MATEY, *Circuit Judge*, concurring in the judgment.

I agree with the majority's judgment but write separately to note the overextension of the Prison Rape Elimination Act (PREA) and the needlessly protracted nature of this case.

**A.**

Start with PREA, passed by Congress to "establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States," and "develop and implement national standards for the detection, prevention, reduction, and punishment of prison rape." 34 U.S.C. § 30302(1), (3). To effect this aim, Congress directed the Attorney General to "publish a final rule adopting national standards for the detection, prevention, reduction, and punishment of prison rape." *Id.* § 30307(a)(1). Almost a decade later, the Attorney General embraced an expansive set of prohibitions, including a crackdown on "[v]oyeurism," defined as "an invasion of privacy of an inmate . . . by staff for reasons unrelated to official duties, such as peering at an inmate who is using a toilet in his or her cell to perform bodily functions." 28 C.F.R. § 115.6.

But that regulation seems to exceed its statutory authorization. Congress defined "rape" in PREA as "carnal knowledge, oral sodomy, sexual assault with an object, or sexual fondling." 34 U.S.C. § 30309(9). Voyeurism, which as defined here springs only from a vague notion of privacy, falls outside both the ordinary and defined meaning of "rape." Indeed, the Attorney General acknowledged this regulatory rewrite, replacing "rape" with "sexual abuse," and its attendant and extended definitions, because it was "a more accurate term to describe the behaviors that Congress aimed to eliminate." National

1

Standards to Prevent, Detect, and Respond to Prison Rape, 77 Fed. Reg. 37106, 37116 (June 20, 2012) (to be codified at 28 C.F.R. pt. 115). I am doubtful that decision follows Congress's command. So even if the complained-of action occurred exactly as Williamson alleges, it would not be actionable under PREA. This definitional drift should be considered by the Executive or Congress.

**B.**

Turning to this matter, the Defendants raise the right arguments in the wrong posture. They claim that Williamson's PREA complaint was false, so it cannot satisfy the protected-conduct element of the retaliation analysis, and contend that the misconduct charge was supported by sufficient evidence. But these arguments are not properly considered on a motion to dismiss where we "presume that a complaint's factual allegations are true." *Johnson v. Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 175 n.57 (3d Cir. 2024) (quoting *Pennsylvania v. Navient Corp.*, 967 F.3d 273, 283 n.7 (3d Cir. 2020)). The Defendants could have attached the evidence supporting these arguments and asked the District Court for summary judgment. *See* Fed. R. Civ. P. 12(d). Perhaps that is an option to pursue on remand. But this is all an expensive exercise, drawing considerable time and resources from public funds, that may have otherwise been avoided.

For these reasons, I respectfully concur in the judgment.